May Term,
1857.

WINTERS
v.
THE STATE.

WINTERS *v.* THE STATE.

Section 71 of the act of 1852 defining misdemeanors, was not intended to apply to burial places other than those dedicated in the mode pointed out by sections 17 to 21, 1 R. S. p. 461.

*Friday,*
*May 29.*

APPEAL from the *Ohio* Court of Common Pleas.

DAVISON, J.—This was a prosecution for desecrating a cemetery, founded on section 71 of the act defining misdemeanors. Verdict for the state; and over a motion for a new trial there was judgment.

The facts are these: In the year 1818, one *Benjamin Purcell* died and was buried in the corner of a field, of which he was the owner at the time of his death. *Lawrence Purcell*, who was the son of *Benjamin*, died in 1824 and was buried near his father; and in the same year, *Eleanor Dougherty*, who was the mother-in-law of said *Lawrence*, was buried at the same place. After this, *John Speer* became the owner of the farm, and in the year 1839 buried one of his children in the same locality; but afterwards, having sold the farm, removed the remains of the child to a grave-yard in the neighborhood. After the death of *Benjamin Purcell*, the farm was owned in fee by his heir, by *John Speer*, and by the defendant, who purchased it prior to the year 1853. The several conveyances of the farm contain no reservation of the ground where the graves were situated. In the year 1838, they were inclosed—two of them by post-and-rail fence, and the third by a paling of black walnut. Since the graves were thus inclosed, the fence around the field has been changed so that the graves now appear to be in the middle of the field. The defendant, in the year 1853, having become seized of the farm, removed the inclosures from the graves, ploughed over them, and cultivated the land where they were situated.

Section 71, to which we have referred, declares that "if any person shall wilfully disfigure or injure any tombstone, monument, fence, tree or shrubbery around or within any cemetery, or shall use such cemetery for any purpose

other than a burying ground, he shall be fined," &c. 2 R. S. p. 446.

*Webster*, in his definition of the word "cemetery," says that it signifies "a place where the dead bodies of human beings are buried." This is, no doubt, its general and popular import; but it is said in argument, that the term "cemetery," as used in the section which we have quoted, relates alone to public and private burying grounds established under the provisions of statutory law. Prior to the statutes of 1843, there was no legislation on this subject. But in the revision of that year, there is an act which, among other provisions, contains the following:

"SECT. 63. That in all cases where any person or persons shall set apart any portion of ground for a public burying ground, and shall make a deed in fee simple to the board of county commissioners, &c., and shall have such deed recorded, &c., the same shall be taken and deemed to be dedicated as a public burying place forever," &c.

"SECT. 65. If any person shall wish to establish a private burying ground, he may do so, and such ground as he may set apart for that use and convey to the board of county commissioners, in like manner as above provided, shall remain a private burying place forever." R. S. 1843, pp. 399, 400.

These provisions have been substantially re-enacted and are still in force. Indeed, the only dissimilarity between the act of 1843 and its re-enactment in the present revision, is this: the latter uses the term "cemetery" instead of the words "burying ground," and the penalty for the violation of the former is connected with the act itself, when, as we have seen, the penalty now inflicted for "desecrating a cemetery" is found under the head of "Misdemeanors."

All the various enactments to which we have referred, seem to relate to each other; hence, it is not an unfair conclusion that the section on which this prosecution is based was not intended to apply to burial places other than those dedicated in the mode pointed out by the statute (1). The defendant purchased the farm without

May Term,
1857.

ADAMSON
v.
THE AUDI-
TOR, &c., OF
WARREN Co.

any reservation as to the ground occupied as a grave-yard. His right to use and enjoy it for his own purposes could not be limited without his consent or a reasonable compensation. We are not inclined to give the statute such a construction as would limit the exercise of a vested right. The meaning and application of section 71 must, therefore, be restricted to cemeteries established as provided by statutory enactment. Under the facts of this case, a conviction cannot be sustained.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*W. S. Holman*, for the appellant.

(1) 1 R. S. p. 461, ss. 17 to 21.