————————o————————

## HICKS ET AL. *v.* DANFORD ET AL.

REAL ESTATE.—*Recovery of.—Cemetery.*—Where the owner of real estate permitted, during his life, the use of it by the public as a burying-ground, and expected that at some time a church would be erected thereon, but where it was not shown that he intended to vest the title in any denomination exclusively, a church organization, not in existence until after the death of the owner, could not recover the real estate of the heirs or their grantees, or compel a conveyance of the same to such organization.

From the Brown Circuit Court.

*F. T. Hord*, for appellants.

*Herod & Winter*, for appellees.

DOWNEY, J.—Hicks, Stillabower, and Anderson, as trustees of the Christian Bethel Church, sued Danford and Sally and Harrison Miller, alleging in their complaint, in substance, that in 1857 George Anderson, then in life, was the owner in fee simple of certain described real estate, and being so the owner thereof, he did give and dedicate to said church, for the sole use and benefit thereof, a certain tract of land, a particular description of which is given in the complaint, for the purpose of a graveyard and erecting a meeting-house thereon ; that said church, in pursuance of said gift and dedication, took possession of said land, so given as aforesaid, immediately after the grant thereof as aforesaid, erected a meeting-house thereon, and used and occupied the residue thereof for the purpose of a burying-ground; that said. George Anderson promised and agreed to make to said church a conveyance of said land so given as aforesaid, but failed to do so, and dying soon afterward, the said land descended to said Sally Miller, then Sally Coy ; that afterward said Sally Coy married said Harrison Miller, and said. Sally and Harrison, on the 8th day of April, 1871, sold and conveyed to Danford all of said land, except, etc. ; that before their said conveyance plaintiffs demanded of them a conveyance of said land to them, which they failed to make. A. copy of the deed from Miller and wife to Danford is made part of the complaint.

It is alleged that the plaintiffs are the lawfully elected and duly qualified trustees of said church ; that said Miller and wife and Danford claim that the land dedicated and given was land excepted from the operation of the deed to Danford, and no more, and refuse to convey to plaintiffs any more than was therein reserved ; wherefore plaintiffs pray that the cloud be removed from the plaintiffs' title aforesaid, that the title to the land be quieted in favor of the plaintiffs, the

appointment of a commissioner to make a conveyance thereof to the plaintiffs, and for other proper relief.

The defendants answered by a general denial. The issue was tried by the court, there was a finding for the defendants, a motion for a new trial overruled, and final judgment for the defendants. The grounds of the motion for a new trial were, that the finding was contrary to the law and the evidence. The only error properly assigned is the overruling of the motion for a new trial.

We have examined carefully the evidence as set out in the bill of exceptions, and have come to the conclusion that it does not sustain the complaint. We think the court below committed no error in finding for the defendants, and refusing a new trial. The evidence shows that the deceased, in his lifetime, allowed the ground in question to be used by the public generally for a burying-ground, and that he expected that there would be a church edifice erected thereon at some time. But we do not think, from the evidence, that he intended to vest the title in the trustees of any denomination exclusively. There is no evidence to show that he intended to vest the title in trustees for the use of the organization represented by the plaintiffs. That organization in that neighborhood was not in existence at or before the time of his death. One witness says, "he spoke of making a union church of Methodists, Baptists, Christians, and some other denomination that I have forgotten." The deceased did not belong to any church, but was, as a witness says, "a kind of freethinker in religious matters." He had belonged to the "Separate Baptists." A witness, who appears to be a member of the society, testified that the Separate Baptist Church went down; that the members assumed a new name; that the church building was partly erected by the Separate Baptists, and was completed by the new organization; that Sally Miller promised to make the deed to the Separate Baptists, but never promised to make the deed to the new organization, nor was any demand made upon her for a deed to

the appellants as trustees of the new organization. The evidence fails to show that the appellants are the legal trustees of the new organization. It is not charged, and does not appear in the evidence, that there has been any denial of the rights of any one claiming under the dedication of the ground for the purposes of a cemetery, nor do the appellants claim that they have been disturbed in the use of the church.

The judgment is affirmed, with costs.

Petition for a rehearing overruled