Redwood Cemetery Association *v.* Bandy *et al.*

No. 10,956.

REDWOOD CEMETERY ASSOCIATION *v.* BANDY ET AL.

CEMETERY.—*Dedication.*—*Estoppel.*—Land may be dedicated to the public for use as a cemetery. Such dedication may arise out of the conduct of the owner of the land and the acts of those who rely thereon, and the owner will be estopped to interfere with the use which he has occasioned.

SAME.—*Corporation.*—*Quieting Title.*—*Parties.*—*Injunction.*—A complaint by an incorporated cemetery association to quiet title and enjoin the desecration of grounds dedicated to the public and used as a cemetery, which fails to show any right in the plaintiff, except that the corporators are the persons in the neighborhood who have friends buried there and who have beautified the grounds and are in possession, is insufficient on demurrer.

From the Warren Circuit Court.

*W. P. Rhodes* and *W. L. Rabourn,* for appellant.
*J. McCabe* and *E. F. McCabe,* for appellees.

BLACK, C.—The appellant sued the appellees. The complaint contained two paragraphs, to which demurrers, for want of sufficient facts, were sustained. These rulings are assigned as errors.

The second paragraph alleged, in effect, that about the year 1830, one John Stufflebeam, since deceased, then the owner in fee of certain land described, in Warren county, dedicated two acres thereof, described, to the public for a burying ground for the dead; that in pursuance of said dedication the public, comprising the citizens in and around the vicinity of said grounds, then took possession thereof for such use, and fenced and cleared it, and thenceforward had the possession and use of said real estate for a burial place of the dead of that locality, up to the time of the commencement of this suit; that the administrator of the estate of said Stufflebeam, deceased, sold the lands of said decedent surrounding and adjoining said burial ground, by order of court, and was notified, requested and instructed by the heirs of said decedent concerning said dedication, and that in such sale he should reserve said burial ground, and he promised to do so; that after said sale he in-

formed said heirs and the public that he had reserved said burial grounds, and the purchaser at said sale, Thomas Johnson, the deceased husband of the defendant Deborah Bandy, so understood the matter, and always during his life recognized the right, title, ownership and possession of the public in said burial grounds; that afterward, in the settlement of the estate of said Thomas Johnson, deceased, the commissioners who divided his lands and set off to said Deborah lands adjoining and surrounding said burial lot, considered said lot as no part of the farm of said Thomas Johnson, but did consider it as separate and excluded from said estate, and it was not set off to her or considered as part of her share; that she was claiming to own said burial ground and threatening to tear away the fence surrounding it, and to pasture and plow the grounds, and tear down the monuments and tombstones; that the public who so took possession, and the persons living in the surrounding neighborhood who had friends and relatives buried there, and who held possession pursuant to said dedication, and had fenced the ground and improved it by clearing it and planting trees and erecting monuments and otherwise beautifying the same, were certain persons named, who composed the corporation known as the Redwood Cemetery Association, a corporation regularly incorporated under the laws of Indiana in the year 1882, "and who have now the sole right of title, use and occupancy, as the successors of the public aforesaid, and who are now in possession of said grounds as the rightful representatives of the public to whom it was dedicated, and who accepted the same as aforesaid;" that at the commencement of this suit, and ever since the dedication and acceptance aforesaid, said grounds were known as the Redwood Burying Ground. Prayer that the title to said grounds be quieted in the plaintiff, and that said Deborah be perpetually restrained from interfering with the rights of the plaintiff or the public therein.

The first paragraph alleged the dedication of the land by Thomas Johnson about the year 1835, and that it was his

purpose and agreement to make a deed conveying the real estate in trust for the use and purpose of a public burial ground; that in the partition of his real estate said land was set off to said Deborah as her interest as the widow of said Thomas; and that she claimed to own it by virtue of said partition. The names of the members of said corporation were not stated, but it was alleged that it was composed of the citizens of the neighborhood where said land is situated, who were the same that had held and occupied said land since its dedication. In this paragraph said Deborah's co-defendant is spoken of as her husband.

It is true that lands may be dedicated to such a use as that mentioned in the complaint, and it is not necessary therefor that any conveyance be made, or that there be any person capable of taking a conveyance otherwise than in trust, but the dedication may arise out of the conduct of the owner and the acts of those who rely thereon, so that, while the title remains in the dedicator, he will be estopped to interfere with the use which he has occasioned. *Beatty* v. *Kurtz,* 2 Pet. 566; *Hunter* v. *Trustees of Sandy Hill,* 6 Hill, 407. And, perhaps, such a dedication was sufficiently shown in each paragraph of the complaint; as to this we make no close inquiry, and will not discuss that question further.

It is plain to us that the plaintiff showed no right in itself to maintain the action. The corporation is a legal entity, and the fact that the natural persons of whom it was composed, or the public, of which they were parts, had an interest in the land in question, by reason of the use thereof as a place of burial, which the land-owner was estopped to question, could not confer such an interest on the corporation, and no other origin of an interest in the corporation is shown.

The claim made in argument, that this is an instance of one suing in behalf of many upon a cause of action of common or general interest of many persons, can not be maintained, for the obvious reason that if the complaint were sufficient in

form for such a purpose, the plaintiff is not one of the many having an interest. See *Hicks* v. *Danford*, 47 Ind. 223.

The judgment should be affirmed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be affirmed, at the appellant's costs.

