Filed April 11, 1895.

———————◆———————

No. 1,531.

## LAY v. THE STATE.

CERTAINTY.—*To a Common Intent.*—*Indictment.*—Certainty to a common intent is all that is required of an indictment. For degrees of certainty and their application, see opinion.

CRIMINAL LAW.—*Indictment.*—*Cemetery, Removing Part of Inclosure.*— An indictment charging that the defendant unlawfully, willfully and mischievously removed certain portions of a fence surrounding a "cemetery and burial place for the human dead," and, in another count, that said defendant, in the same manner, removed two gates from a certain structure surrounding a "cemetery and burial place for the human dead," is sufficient without the averment that the cemetery or burial ground from which they are alleged to have been taken was either a "public" or "private" one.

SAME.—*Indictment.*—*Cemetery.*—*Averment of Dedication.*—Nor, in such indictment, was it necessary to charge that the cemetery from which the gates were alleged to have been removed, had been dedicated or set apart in some manner provided by law, either to public or private use.

SAME.—*Indictment.*—*Reasonable Intendment.*—*Cemetery.*—By reasonable intendment (which is given to indictments), the words "cemetery" and "burial place" include both public and private cemeteries and burial places.

SAME.—*Indictment.*—*Statute Substantially Followed.*—Where a crime is purely statutory, if the language be substantially followed by the indictment, and the terms employed are equivalent in meaning with those used in the statute, it is sufficient.

SAME.—*Cemeteries.*—*Statute Construed.*—In the statute making certain acts in relation to cemeteries criminal, the words "public or private" were used not for the purpose of restricting, qualifying or defining the kinds of cemeteries which should alone be embraced in the statute, but for the purpose of including within the act all kinds of cemeteries or burial places, without regard to the fact that they may be public or private.

Lay *v*. The State.

SAME.—*Accessory Before the Fact.*—*Misdemeanor.*—One who would be an accessory before the fact if the offense were a felony, will be a principal if the offense be a misdemeanor, provided what he does is of sufficient magnitude to be noticed by the law.

SAME.—*Criminal Intent.*—That the act was done with a criminal intent, see opinion.

From the Randolph Circuit Court.

*N. W. Ferguson*, *J. W. Thompson* and *J. Canaday*, for appellant.

*W. A. Ketcham*, Attorney-General, *J. B. Ross*, Prosecuting Attorney, *S. H. Spooner* and *M. Moores*, for State.

REINHARD, J.—The appellant was tried and convicted in the court below on a charge of removing a double gate from a certain fence around a cemetery.

The assignment of errors is that the indictment does not state facts sufficient to constitute a cause of action against the appellant or charge or state a public offense or crime against him, and that the court erred in overruling the motion for a new trial.

The indictment is in two counts. In the first count, after the caption and introductory portion, it is averred that the appellant did "unlawfully, willfully, mischievously and maliciously remove certain parts and portions of a certain fence, structure and work that was then and there around a certain cemetery and burial place for the human dead, then and there situate, by then and there unlawfully, willfully, mischievously and maliciously taking off from, and removing from, said fence, structure and work two gates."

The charging part of the second count is that the appellant did "unlawfully, willfully, maliciously and mischievously remove two certain gates from the certain structure and work which then and there surrounded a certain cemetery and burial place for the human dead,

which said two certain gates then and there formed a part of said structure then and there surrounding said cemetery and burial place for the human dead, as aforesaid, contrary,'' etc.

The section of the statute upon which the indictment is predicated is as follows:

''Whoever willfully, mischievously or maliciously disfigures, defaces or removes any tombstone, monument, gravestone or other structure erected to perpetuate the memory of any deceased person; or any fence, railing or other work in or around any public or private cemetery or burial place; or any shrub, tree or plant therein,— shall be fined not more than five hundred dollars nor less than fifty dollars, to which may be added imprisonment in the county jail not more than six months.'' R. S. 1894, section 2041 (R. S. 1881, section 1962).

No motion was made in the court below to quash the indictment, and the appellant's counsel readily concede the rule that the assignment of errors assails the indictment as a whole, the same being in more than one count. They insist, however, that neither count is sufficient, and that their argument applies to one count as much as to the other.

The first objection they make to the indictment is that it fails to charge that the cemetery is either a public or a private cemetery. Their contention is that as the words ''public or private'' are contained in the statute to characterize the cemetery which must have been desecrated in order to make an offense, it becomes absolutely essential to so characterize such cemetery also in the indictment.

''These words are in the statute,'' they argue, ''and the presumption is that they are there for some purpose, and that the usual and ordinary meaning is to be given them. In order to make an indictment good under the

second clause of this section, it must aver that the cemetery was either a public or a private one. There is no rule better settled by the authorities and supported by reason and good sense, than that a pleading must be certain; the defendant is entitled to know the precise crime with which he is charged; the indictment should distinctly specify everything which enters into the offense.''

We quite agree with the appellant's counsel that an indictment is required to be certain. But what kind of certainty the law demands is a question that has given rise to no little confusion in the decisions of our Supreme Court.

There are, as every lawyer knows, three distinct degrees of certainty that may be required in a pleading, viz:

1. Certainty to a certain intent in every particular.

2. Certainty to a certain intent in general.

3. Certainty to a common intent.

Where the first of these is required, the court will presume the negative of everything which the pleader has not expressly affirmed, and the affirmative of everything which he has not expressly negatived. In other words, the pleader must expressly exclude every conclusion against him.

The second degree of certainty mentioned does not require as much explicitness as the first, and yet it requires more than the third. It is this middling kind of certainty that is required in indictments under the common law. When this degree of certainty is necessary, everything which the pleader should have stated, and which is not either expressly alleged, or by necessary implication included in what is alleged, must be presumed against him.

When certainty to a common intent is all that is required, the court will presume in favor of the pleader

every proposition which, by reasonable intendment, *i. e.*, according to the common use of language, is impliedly included in the pleading, though not expressed. 1 Stephen Hist. Crim. Law Eng., p. 281; 1 Bish. Crim. Proced., section 323, *et seq.*

At a comparatively early period of our judicial history, under the present code, it was decided by the Supreme Court that certainty to a common intent is all that is required in criminal pleadings in this State, and that an indictment or information need not be more certain than a civil pleading. *Whitney* v. *State*, 10 Ind. 404; *McCool* v. *State*, 23 Ind. 127.

And this holding has been approved as late as the case of *O'Brien* v. *State*, 125 Ind. 38, where it is stated that "reasonable certainty" is all that is required under the code. R. S. 1894, sections 1824, 1825 (R. S. 1881, sections 1755, 1756).

Applying the rule, therefore, that certainty to a common intent is all that is required of an indictment, and that, therefore, the court will presume in favor of the indictment not only everything expressly charged, but also every proposition which is by reasonable intendment included in the language employed, it is our opinion that the indictment is sufficient without the averment that the cemetery or burial ground from which it is charged the gates were taken by the appellant was either a public or a private one.

We know judicially that a cemetery or burial ground or place is a piece of ground set apart for the interment of the dead, and so it is expressly charged in the indictment before us. We also know that a cemetery or burial ground may be either a public or private one. The former class is used by the general community or neighborhood or church, while the latter is used only by a family or a small portion of a community. So far as we

are advised, there are no other kinds of cemeteries but public and private ones, when taken in the sense in which they are established by the laws of the State. By reasonable implication, therefore, the words "cemetery" and "burial place" include both public and private cemeteries and burial places, and the charge that appellant took off and removed certain gates from the fence or enclosure of a cemetery, reasonably implies that he took and removed such gates either from a public or a private cemetery. The indictment is, therefore, sufficiently certain without the use of the word "public" or "private."

It is true that, ordinarily, when an offense is purely the creature of a statute, the words defining it in the statute should also be employed in the indictment. But when the language of the statute is substantially followed and the terms employed are certainly of equivalent meaning with those used in the statute, it is sufficient. *State* v. *Miller*, 98 Ind. 70; *Nichols* v. *State*, 127 Ind. 406.

If the words "public or private" were used in the statute defining the offense, as words of restriction, limitation, qualification or even definition of the classes of cemeteries intended to be included in the statute, there would be sufficient ground for sustaining the appellant's contention in this respect, under the rule that whatever is not included is necessarily and by implication excluded. Thus if it be made unlawful by statute to obstruct a public highway, it is not, also, unlawful to obstruct a private highway, and hence it would be necessary to characterize the highway in an indictment as being public. But the words "public or private," as used in the statute under consideration, were manifestly intended not as restricting, qualifying or defining the kinds of cemeteries which alone should be embraced in the statute, but, as it seems to us, for the very opposite purpose of including within the scope of

the act all kinds of cemeteries or burial places, without regard to the fact that they may be either public or private. Had these words been omitted from the statute, and had the words cemetery and burial place been used without these adjectives, it might have been contended that only public cemeteries or burial grounds were intended to be protected by the act.

The intention of the Legislature doubtless was by the use of these words to make it absolutely certain that all classes of cemeteries and burial grounds, whether public or private, were included in the scope of the law. If we are correct in this view, then it can make no possible difference whether the act charged was done in a public or a private cemetery or burial ground, as the offense and punishment are precisely the same. It is not easy to see, therefore, how the appellant could possibly have been harmed by the omission of the word "public" or "private" before the word cemetery in the indictment.

Moreover, it should be borne in mind that the objection to the indictment was not taken by motion to quash or even by motion in arrest of judgment but by the assignment of errors alone. A criminal as well as a civil pleading which might have been obnoxious to a demurrer or motion to quash may be so aided by the verdict as to render it sufficient on a motion in arrest or on assignment of errors. *Nichols* v. *State, supra; Trout* v. *State,* 107 Ind. 578; *Peters* v. *Banta,* 120 Ind. 416; *Baker* v. *State,* 134 Ind. 657.

It is next insisted that the indictment is insufficient for failing to charge that the cemetery from which the gates are charged to have been removed had been dedicated or set apart in some mode provided by the laws of the State, either to public or private use. In support of the proposition that this was necessary, appellant's counsel rely upon the case of *Winters* v. *State,* 9 Ind. 172.

We have examined that case, and do not think it is of controlling force here. In the case referred to, the defendant was indicted for desecrating a cemetery under R. S. 1852, section 71. There was there no question as to the sufficiency of the indictment. The evidence disclosed that the offense charged consisted of removing the inclosures from certain graves, plowing over them, and cultivating the land where they were situated. The farm upon which these graves were located was the property of the defendant, and the bodies buried in the graves were those of a former owner and members of his family. It was not proved that there was any reservation of the ground, where the graves were situated, in the conveyance by which the defendant held the farm. The statute did not, as does the present one, embrace both public and private cemeteries. It simply used the words cemeteries. Under these circumstances, it was held that the defendant was not guilty of violating the statute upon which the indictment was founded for the reason that the Legislature did not intend that such statute should apply to burial places other than those dedicated in the mode pointed out by the statute. The case cited does not require us to hold the indictment bad.

The last assignment of errors involves the sufficiency of the evidence to support the verdict. It is insisted that under the authority of *Winters* v. *State, supra*, it was necessary to prove that the cemetery had been set apart in some manner prescribed by law for that purpose. We do not regard the case in that light. As before stated the statute on which the prosecution was there based was entirely different from the one upon which this indictment is predicated. That statute did not, like the present one, in terms apply to private cemeteries. Be-

sides, it may be possible, if the circumstances of the present case were like those in the case cited, the appellant would be entitled to an acquittal, even under the present law, but as to that it is not necessary to decide. But in the case at bar the proof clearly showed that for a number of years this ground had been set apart, though not in the statutory mode, and used as a public cemetery. Dedication of a cemetery, like dedication of a public street or highway, may be established by user. *Redwood Cemetery Association* v. *Bandy*, 93 Ind. 246. In that case it was said by the court, in the course of the opinion:

"It is true that lands may be dedicated to such a use as that mentioned in the complaint, and it is not necessary therefore that any conveyance be made, or that there be any person capable of taking a conveyance otherwise than in trust, but the dedication may arise out of the conduct of the owner and the acts of those who rely thereon, so that, while the title remains in the dedicator, he will be estopped to interfere with the use which he has occasioned," citing *Beatty* v. *Kurtz*, 2 Pet. 566; *Hunter* v. *Trustees of Sandy Hill*, 6 Hill, 407.

We do not think the present statute was intended to protect only such cemeteries as had been dedicated in the formal statutory mode.

It was disclosed by the evidence that the appellant did not personally remove the gates from the cemetery in-closure, but that he procured the same to be done by one Harvey Rock. It is suggested, rather than contended, on behalf of appellant, that a person can not be criminally liable who merely directs the commission of a misdemeanor. We think the law is otherwise. While it is doubtless true that in misdemeanors there can be no accessories, either before or after the fact, yet those who are guilty at all are all guilty as principals, and one who

would be an accessory before the fact if the offense were a felony, will be a principal if the offense be a misdemeanor, provided what he does is of sufficient magnitude to be noticed by the law. *Stratton* v. *State*, 45 Ind. 468; 1 Bish. Crim. L., section 685.

It is finally contended that the evidence fails to show that the act charged was done with an unlawful intent, or "willfully and maliciously," as charged.

The theory of the appellant was that he caused these gates to be removed for the purpose of painting them and otherwise repairing and replacing them, and that he did this in pursuance of same authority previously given him by the board of trustees of the town of Ridgeville, in connection with one William McCurdy, to look after and oversee the cemetery. There was evidence tending to prove this theory.

On the other hand, the theory of the State was that the appellant removed the gates, or had them removed, with the intent to appropriate them to his own use; that he had paid for them when they were placed upon the fence with the expectation of having made up to him in the way of donations most or all of his outlay for them, and failing in this, he determined to remove the gates and keep them himself. The jury was not without evidence from which they might have found these facts to be true. Where the evidence is conflicting, even in criminal cases, this court will not disturb the judgment. The evidence is somewhat meager on some of the points necessary to a conviction, but there is some evidence to sustain it, and the trial court having overruled the motion for a new trial and thus given its approval to the verdict, we can not interfere. *Kleespies* v. *State*, 106 Ind. 383.

We have thus disposed of all questions presented to

us for our determination and have failed to find any reversible error in the record.

Judgment affirmed.

Filed Feb. 5, 1895; petition for a rehearing overruled April 11, 1895.