Filed November 26, 1895.

---

No. 1,878.

## BROWN *v.* THE STATE.

CRIMINAL LAW.—*Diseased Meat.—Offering to Sell for Human Food. —Knowledge.—Indictment.*—An indictment, under section 2164, R. S. 1894, charging that defendant unlawfully and "knowingly" had in his possession, on a certain day, the meat of a certain diseased and injured animal, with the unlawful intent to sell the same for human food, sufficiently charges defendant's guilty knowledge that the meat was diseased.

From the Fayette Circuit Court.

*R. Conner* and *J. M. McIntosh,* for appellant.

*G. L. Gray,* Prosecuting Attorney, for State.

REINHARD, J.—The sole question presented in this case relates to the sufficiency of the information upon motion to quash and in arrest of judgment. The information charges that William E. Brown did, in the county of Fayette and State of Indiana, on a date named, "unlawfully and knowingly have in his possession the meat of a certain diseased and injured animal, to-wit, a steer, then and there, with the unlawful intent to sell the meat of said diseased and injured animal for human food," etc.

The section of the statute upon which the information is based provides in substance that whoever sells, or has in his possession with the intent to sell, the meat

of any diseased or injured animal shall be fined, etc.
R. S. 1894, section 2164 (R. S. 1881, section 2070).

It is objected that the information is defective in that
it does not sufficiently charge the appellant's guilty
knowledge.

It was decided by the supreme court in *Schmidt* v.
*State,* 78 Ind. 41, that to constitute an offense under
this statute it must be charged in the indictment or
information that the defendant had knowledge of the
bad quality of the meat.   In that case the information
did not contain the charge that the accused "know-
ingly" had the meat in his possession, the word
"unlawfully" alone being used to characterize the act
of the defendant.   But even that decision was by a
divided court, Woods and Elliott, J. J., dissenting upon
the ground that when the offense is charged in the lan-
guage of the statute, as it was in that case, it is suffi-
cient.   In the present case, the appellant's alleged act
of having the diseased meat in his possession with the
intention of selling the same for human food is charged
as having been done both "unlawfully" and "know-
ingly."   It is therefore not subject to the objection
pointed out, even in the light of the case cited.

The appellant, however, relies upon a Massachusetts
case, which does seem to support his contention that the
use of the word "knowingly" in such a charge is not a
sufficient allegation of the defendant's guilty knowledge
of the fact that the meat was diseased.   That case, how-
ever, was decided under the strict and technical
requirements of common law pleadings, it being
stated in the opinion itself that the offense must "be
set out with the technical precision and accuracy
according to the rules of the common law," etc.

It is scarcely necessary to say that this is not the
rule in this jurisdiction.   The indictment or information

is sufficient if it can be understood· therefrom that the offense charged is stated with such a degree of certainty that the court may pronounce judgment upon a conviction according to the right of the case. R. S. 1894, section 1824, Subd. 5 (R. S. 1881, section 1755). And no indictment or information is deemed invalid and it shall not be quashed or set aside, nor shall the trial or judgment be arrested, for any defect or imperfection which does not tend to prejudice the substantial rights of the defendant. R. S. 1894, section 1825, Subd. 10 (R. S. 1881, section 1756). Certainty to a common intent is all that the law requires in this State, even in criminal pleadings. *Whitney* v. *State*, 10 Ind. 404; *McCool* v. *State*, 23 Ind. 127; *O'Brien* v. *State*, 125 Ind. 38 (9 L. R. A. 323).

Words used in an indictment or information must be construed in their usual acceptation in common language. R. S. 1894, section 1805 (R. S. 1881, section 1736).

Under the strict rules of common law·pleading "certainty to a common intent" was not sufficient. Under that system the court would presume the negative of everything not expressly affirmed and the affirmative of everything not expressly negatived; while under our rule of certainty to a common intent, the court will presume in favor of the pleader every proposition which by reasonable intendment, or according to the common use of language, is impliedly included in the pleading, though not expressed. *Lay* v. *State*, 12 Ind. App. 362, and authorities cited. Under this more liberal interpretation authorized by our code, we are of opinion that the information in the case before us is sufficient. The charge that the accused "knowingly" had in his possession the diseased meat, etc., would, in our opinion, be understood to mean, in the usual acceptation of

such words in common language, that he.had the meat in his possession knowing that it was diseased.

An author of acknowledged standing states it as a rule of criminal pleading, based upon no less an authority than Chitty, that the word "knowingly" or "well-knowing," will supply the place of a positive averment that the accused knew the facts subsequently stated. Bish. Crim. Proced., section 265.

Judgment affirmed.

Filed November 26, 1895.