A. F. Hutchinson Land Company, Inc., Appellant, v. Whitehead Brothers Company, Respondent.

Third Department, December 30, 1926.

**Deeds — covenants — action for breach of warranty — complaint is based on fact that part of land was formerly used for cemetery purposes and that dead bodies are interred there — defenses of abandonment of easement by public and of adverse possession are sufficient to defeat action, if proven.**

In an action to recover damages for breach of a warranty in a deed, which action is based on the fact that a part of the property had been formerly used for cemetery purposes and that dead bodies are interred therein, defenses of abandonment of any easement which the general public or any individuals had in the property for cemetery purposes, and that the title in the defendant and its predecessors was complete by adverse possession, are sufficient in law and will defeat the action, if proven.

The complaint does not allege that the property in question was deeded, but merely that it was dedicated to public use and accepted by the public, and, therefore, the public had an easement merely in the use of the ground and that easement could be abandoned effectively by the failure of the public to maintain the cemetery as a place for the burial of the dead, and, since there may be an abandonment of the use of the property for burial purposes, title may be acquired in the property by adverse possession which would defeat the right to any claim of easement therein by the public or the individuals whose relatives had been interred in the cemetery.

Appeal by the plaintiff, A. F. Hutchinson Land Company, Inc., from an order of the Supreme Court, made at the Schenectady Special Term and entered in the office of the clerk of the county of Saratoga on the 28th day of July, 1926, denying plaintiff's motion to strike out two affirmative defenses contained in the answer to the amended complaint.

*Robert W. Fisher*, for the appellant.

*Lawrence B. McKelvey* [*Wilson B. Brice* and *Robert Frazier* of counsel], for the respondent.

McCann, J. The plaintiff and defendant are corporations each organized under the laws of a foreign State, the former being engaged in the business of buying, developing and selling real estate. In April, 1925, plaintiff purchased from the defendant a tract of land located in the town of Halfmoon, county of Saratoga, State of New York, taking a deed with full covenants of warranty. This action was brought to recover damages. The plaintiff claims that a portion of the land which was included in the deed was a public cemetery to which the defendant could not give a good and marketable title.

The amended complaint sets forth two causes of action, one alleging false representations and concealments of material facts with reference to the said title and one based upon breach of covenants in the defendant's deed to the plaintiff. The plaintiff also alleges that a portion of the land conveyed was used as a cemetery for over one hundred years prior to the commencement of this action; that it was dedicated to and accepted by the public as a cemetery and that the inhabitants of the town where such premises are located, used the same as a cemetery for a period of more than fourteen years, as provided by the Town Law of the State of New York, and that the title thereby became and still is vested in said town; that prior to the time of the vesting of such title in the town and subsequent to the dedication " the remains of a large number of persons were interred in as many graves, * * *, and the heirs of those whose dead were buried there are in the undisturbed possession of such graves and of the several spaces occupied by their respective bodies, and have been so possessed thereof for upwards of an hundred years, and they, the heirs of such deceased, are seized of their respective graves, and are invested with certain sepulchral rights therein, and with certain rights of way thereto and therefrom by virtue of such interments."

It is further alleged that such lands constituted a public burying ground which was outside of the city or village and not subject to the ownership or control of any incorporated cemetery association, church or other incorporated body, but was subject to the provisions of chapter 777 of the Laws of 1868.

The amended complaint also alleges that the plaintiff purchased said property for the purpose of dividing it into lots and for the construction of houses thereon, which purposes were known to the defendant, and that the latter knew of the existence of the grave-yard upon said tract of land; that it also knew of the fact that it had no title thereto, and that it was chargeable with such knowledge; that the defendant falsely represented and stated to the plaintiff that it was the owner of said premises and that the same were adapted for residential purposes' and that it concealed from the plaintiff the fact that the premises were incumbered by the existence of a graveyard having human remains therein; that such representations and concealments were made by the defendant with intent on its part that it should be relied upon by the plaintiff; that it was relied upon by the plaintiff; that plaintiff had no knowledge of the existence of said graveyard and that when plaintiff acquired title to said property and entered upon the same for the purpose of improving it, the plaintiff discovered that part

of said lands had been used as a cemetery and that graves were located therein.

The amended complaint further alleges that the transfer was for a full and valuable consideration and purported to convey the premises in fee simple free from incumbrance; that said premises were not in fact free from incumbrance but that the cemetery thereon constituted an incumbrance which was inextinguishable.

The answer denies the general allegations of the complaint and sets forth two separate defenses: (1) Abandonment of any easement which the general public or any individuals had in the property for cemetery purposes; (2) the title in the defendant and its predecessors by adverse possession acquired long prior to the time when title to said premises could have vested in the town in which the premises were situated.

The plaintiff moved to strike out the two separate defenses. The questions to be disposed of on this appeal are the sufficiency of the affirmative defenses alleged. May land be dedicated to the public for cemetery purposes? If dedicated, what is the nature of the rights acquired by the public by the acceptance of such dedication? May the public abandon such rights, and if so, in what manner? May title to the property be acquired by adverse possession, and if so in what manner?

The defenses raised by the answer are proper and are properly pleaded. As to whether they can be established by proof is not now before the court. It is well settled that land may be dedicated to the public for cemetery purposes. The law on this proposition is established by early decisions (*Beatty* v. *Kurtz*, 2 Pet. 566; *City of Cincinnati* v. *White*, 6 id. 431; *Smith* v. *Wilder*, 6 Hawaii, 228; *Wormley* v. *Wormley*, 207 Ill. 411; *Redwood Cemetery Association* v. *Bandy*, 93 Ind. 246; *Mowry* v. *City of Providence*, 10 R. I. 52; *Hunt* v. *Tolles*, 75 Vt. 48; *Tracy* v. *Bittle*, 213 Mo. 302; 18 C. J. 47.) It follows that the acceptance of such dedication can only be made by acts of the public in the use of the property for cemetery purposes. Dedication and acceptance are questions of fact to be determined on the trial of the action. The right which passes with a dedication of this nature, is not an absolute title; it is a privilege or a license, not only to bury the dead in accordance with prevailing custom, but also the right of the living to place monuments or suitable decorations over the graves of their dead as memorials, and to preserve and beautify the premises. While these rights are created by the acceptance of the dedication of the premises, they are subject to loss as the result of abandonment and the failure of the public to maintain the cemetery as a burial place.

" A common-law dedication did not pass the fee." (*Hunter* v.

*Trustees of Sandy Hill*, 6 Hill, 407 [a leading case]; *Campbell* v. *City of Kansas*, 102 Mo. 326.) On abandonment the rights revert to the grantee. This is well stated in 11 Corpus Juris (at p. 58): " So long as a cemetery is kept and preserved as a resting place for the dead, with anything to indicate the existence of graves, or so long as it is known or recognized by the public as a cemetery, it is not abandoned. But, where a cemetery has been so neglected as entirely to lose its identity as such, and is no longer known, recognized, and respected by the public as a cemetery, it may be said to be abandoned." (See, also, *Hunter* v. *Trustees of Sandy Hill*, *supra*, where the court says: " What right, if any, may hereafter arise in favor of those who can make title from the original owners, it is not necessary now to inquire. The land is still a public grave-yard, enclosed, known, and recognized as such. When these graves shall have worn away; when they who now weep over them shall have found kindred resting places for themselves; when nothing shall remain to distinguish this spot from the common earth around, and it shall be wholly unknown as a grave-yard; it may be that some one who can establish a good ' paper title,' will have a right to its possession; for it will then have lost its identity as a burial ground, and with that, all right founded on the dedication must necessarily become extinct.")

The foregoing authorities establish the proposition that there may be a dedication, acceptance and abandonment. The right to acquire adverse possession naturally follows. It is a question to be established as a fact.

Chapter 777 of the Laws of 1868 is cited by the plaintiff but it has no bearing on this case. The complaint does not allege the assumption or exercise by the town of any control over such cemetery lands. This statute applies only to those cemeteries " which are public and common." The premises in question had lost their nature as such. The allegations in the answer, if true, show abandonment of such property.

The trial judge in his opinion makes an excellent summary in the following language (127 Misc. 558, 569):

" From what has been said it is clear that the right of the public and of relatives of decedents in a cemetery which has been merely dedicated and not conveyed by deed is a mere right in the nature of an easement and hence can be abandoned so that the whole use of the land reverts to the owner of the fee, and the public and persons theretofore having rights under the easement will lose them. That being so, it follows that the plea of abandonment contained in the defendant's answer is sufficient in law. It should have the opportunity to establish its defense on the trial.

" Where the ground ceases to be a place of burial or where it has been permanently appropriated to a use or uses entirely inconsistent with its purpose as a cemetery, or where it has been so neglected as to lose its identity as such, it logically follows that under such circumstances title by adverse possession can be acquired. Section 332 of the Town Law (as amd. by Laws of 1920, chap. 577) does not prohibit the assertion of such a defense. A town board is not a sovereign power. Even if it be assumed as against a town board that adverse possession of cemetery lands would not ripen into title since 1890, it cannot be doubted that title by adverse possession could be obtained if completed before that time. Title by adverse possession may be obtained against the State or a town or against individuals to any land that is not held by the State in trust for public purposes. Such title may be obtained provided it matures before the public has acquired title thereto. This is recognized by the Supreme Court of Tennessee in *Hines* v. *State* (126 Tenn. 1; 42 L. R. A. [N. S.] 1138.) "

The order appealed from should be affirmed, with ten dollars costs and disbursements.

COCHRANE, P. J., VAN KIRK and HINMAN, JJ., concur; H. T. KELLOGG, J., not voting.

Order affirmed, with ten dollars costs and disbursements.