HUGH B. CHACE, Plaintiff, *v*. JOHN P. LEISING et al., Defendants.

Supreme Court, Niagara County, September 9, 1947.

*Hugh B. Chace, Jr.,* for plaintiff.

*Howard F. Cunningham* for defendants.

Swift, Official Referee. This is an action for an injunction restraining the defendants from interference with a plot of ground in the town of Newfane, Niagara County, which has been used as a cemetery since prior to 1826, and in which plaintiff's great-great-grandfather, a soldier in the Revolutionary War, and his wife were buried, as also were the plaintiff's great-grandfather and great-grandmother. Regular tombstones were erected over the graves of all four of these, which were in place and upright until within the past year. This plot was in active use as a cemetery until sometime in the 1860's, when interments therein ceased. The plaintiff has for many years made regular visits to this cemetery, but during his visit this year he found that trees had been cut down and fallen upon the monuments which were broken and knocked over.

The defendants, whose deed includes this plot of ground, claim that the cemetery has been abandoned, and that it was natural when the land was subdivided that the new owner would clean up the burial ground and make his property desirable. They claim that the plaintiff has no interest in the cemetery, and cannot maintain this action. Where a cemetery has been created as this one was, by dedication, mere disuse or want of care do not constitute an abandonment. The defendant's attempt to destroy the cemetery cannot be called an abandonment.

" So long as a cemetery is kept and preserved as a resting place for the dead, with anything to indicate the existence of graves, or so long as it is known or recognized by the public as a cemetery, it is not abandoned. But, where a cemetery has been so neglected as entirely to lose its identity as such, and is

no longer known, recognized, and respected by the public as a cemetery, it may be said to be abandoned." (11 C. J., Cemeteries, § 20; 14 C. J. S., Cemeteries, § 22, pp. 82–83.) The plaintiff seeks to prevent the defendants from destroying the cemetery. This he has a right to do. (*Mitchell* v. *Thorne,* 134 N. Y. 536.) He has a right to protect the graves and monuments of his ancestors, and therefore is a proper party to bring this action. The defendant who saw this cemetery plot upon the land when he purchased it had no right to improve it for the market by cutting trees in such a manner that they fell upon the cemetery, breaking the monuments.

Defendants claim that "The fact that they owned the fee of the land did not make them the protectors or insurers of the monuments," but it did not give them the right to destroy the graves and break down the monuments.

The defendants cite *Mayes* v. *Simons* (189 Ga. 845) to show abandonment, but in that case the defendant did not even know that he was cultivating land that had once been a cemetery. There was in existence no evidence of a burying ground, while in the case at bar it must have been apparent to the defendant who was supervising the cutting of trees about the cemetery that they would fall and break the headstones which were standing, and which the photographs in evidence show were clearly legible.

This plot of land was dedicated as a cemetery. (*Hutchinson Land Co., Inc.,* v. *Whitehead Brothers Co.,* 218 App. Div. 682; *Hunter* v. *Trustees of Sandy Hill,* 6 Hill 407; *Lay* v. *Carter,* 151 N. Y. S. 1081.)

In *Hunter* v. *Trustees of Sandy Hill* (*supra,* pp. 414–415) the court said: "The land is still a public grave yard, enclosed, known, and recognized as such. When these graves shall have worn away; when they who now weep over them shall have found kindred resting places for themselves; when nothing shall remain to distinguish this spot from the common earth around, and it shall be wholly unknown as a grave yard; it may be that someone who can establish a good ' paper title,' will have a right to its possession; for it will then have lost its identity as a burial ground, and with that, all right founded on the dedication must necessarily become extinct."

The defendants by their acts have shown such a callous indifference to the sanctity of these graves that the plaintiff may have an injunction restraining them, their agents or servants from interfering with this burial ground or with the right of way thereto, and directing them to erect headstones as nearly like the original ones as may be possible, in their original sites together with the costs of this action.